UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRASER McDONOUGH ROTCHFORD,<br><br>                Petitioner,<br><br>   v.<br><br>STATE OF WASHINGTON,<br><br>                Respondent. | CASE NO. 2:22-cv-00727-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

On May 26, 2022, Petitioner submitted a 28 U.S.C. § 2254 habeas petition challenging his King County Superior Court conviction and sentence in "17-1- xxx…," for "felony stalking." Dkt.1 at 1. This is not the first time Petitioner seeks relief regarding this criminal conviction. The Court takes judicial notice that in 2019 Petitioner filed a civil rights suit in *Rotchford v. King County Prosecuting Attorney, et al.,* 19-359-MJP. Petitioner sued numerous Defendants in that case. The Court noted:

> The complaint's allegation that defendants have over and undercharged plaintiff and all other criminal defendants raises a direct challenge to plaintiff's felony harassment criminal conviction. The complaint indicates plaintiff entered a "plea" and the Court takes notice that on February 18, 2018, plaintiff entered a plea of guilty to felony harassment in King County Superior Court No. 17-1-01428-8, and was sentenced on March 2, 2018.

REPORT AND RECOMMENDATION - 1

*See* 19-359-MJP, at Dkt. 9. Based upon the Court's records, the Court concludes the present request for habeas relief again challenges Petitioner's King County conviction in No. 17-1-01428-8.

The Court must screen petitions under Habeas Rule 4 of the Rules Governing § 2254 habeas cases, and must dismiss the petition, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, the petition indicates Petitioner did not appeal or seek collateral relief regarding the contested King County criminal conviction. Any habeas claim presented here is thus unexhausted and not properly before the Court. Moreover, the King County criminal conviction became final in 2018, and the habeas petition has thus been filed far beyond the statute of limitations. Because these are deficiencies that no amendment can cure, the Court recommends leave to amend the habeas petition be denied. If this recommendation is adopted, the Court recommends the application to proceed *in forma pauperis* be stricken as moot.

## DISCUSSION

**A.   Claims Presented in Current Habeas Petition**

The habeas petition alleges Petitioner pled guilty to "felony Stalking," and Petitioner did not appeal his conviction or sentence, seek state collateral or review in the Supreme Court. Dkt. 1 at 1-3. When Petitioner was sentenced in 2018, the Court ordered as part of his sentence that he serve a term of community supervision. This is evident because Petitioner now requests he be relieved of this condition of the sentence. *Id.* at 5. In support Petitioner argues his supervision was revoked and he was remanded to custody. He further argues "the point was . . .AEN admitted she didn't know whether her statements are true . . . prior to the order allegedly convicting me . . . the petition occurred in . . . 2015 or 2013." *Id.* at 6.

REPORT AND RECOMMENDATION - 2

Petitioner also makes assertions about other criminal cases which appear to be unrelated to his 2018 King County Conviction. He alleges the State Judge involved is corrupt, the Judicial Commission denied his complaint against the judge as untimely, he tried to withdraw his guilty plea in 2012 and he hired a lawyer when he was released from jail in 2013. *Id*. at 6-7. Petitioner further raises complaints about his prosecution and incarceration in Kitsap and Jefferson Counties between 2009 and 2012, and that involuntary civil commitment, and sentences that impose imprisonment and community corrections are absurd for various reasons. *Id* at 7-14.

**B.     The Petition is Barred by the Habeas Statute of Limitations**

Petitioner challenges his February 20, 2018, King County conviction and sentence. There is no indication he appealed the judgment and conviction in the state courts or sought collateral review and thus judgment in this case became final in 2018 for purposes of calculating the habeas statute of limitations. Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes, and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

Here, more than four years have lapsed since Petitioner's state judgment became final. The petition avers Petitioner received a sentence of "time served plus one year of community custody." Dkt.1 at 1. Petitioner now contests the community custody or supervision portion of the sentence imposed by King County Superior Court. That portion of his sentence obviously started well beyond the one-year habeas statute of limitations because Petitioner was sentenced

REPORT AND RECOMMENDATION - 3

in February 2018 and received "credit for time served," and supervision. If Petitioner took issue with his term of community custody or supervision, he should have challenged it in 2018, rather than filing an untimely federal habeas petition in May 2022. As Plaintiff started his supervision or community custody in 2018, he was aware of the factual basis for habeas relief. There is therefore no equitable reason to excuse the untimely habeas petition he filed and to permit it to proceed. Petitioner's request for habeas relief filed in May 2022 in this Court is thus time barred and should accordingly be dismissed.

**C.     The Claims are Unexhausted and Should be Dismissed**

The habeas petition avers Petitioner did not appeal or seek collateral state review of the claims presented here. The habeas petition thus clearly established none of the present habeas claims have ever been presented to the highest state court. Petitioner may pursue 28 U.S.C. § 2254 federal habeas relief only after he has exhausted state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A).[1] *See Rose v. Lundy*, 455 U.S. 509 (1982). The exhaustion doctrine is based on a policy of federal and state comity that recognizes state courts must be afforded the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner can satisfy the exhaustion requirement by providing all state courts including the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Id.* at 276.

---

[1] This section states that "An application for a writ of habeas corpus on behalf of a person in custody to the judgement of a State court shall not be granted unless it appears that —(A) the applicant has exhausted the remedies available in the courts of the State."

REPORT AND RECOMMENDATION - 4

1  A federal court must dismiss a habeas petition if all claims are unexhausted. *Coleman v.*
2  *Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's habeas
3  petition should be dismissed if the prisoner has not exhausted state remedies as to any of his
4  The petitions challenge a 2018 conviction indicating it has been filed far beyond the one-year
5  federal habeas statute of limitations and should be dismissed as time-barred. The § 2254 habeas
6  petition avers Petitioner pled guilty and did not appeal the convictions and sentence or seek
7  collateral state review. This failure renders the claims unexhausted and given the passage of
8  time, procedurally defaulted. The habeas petition should accordingly be dismissed for this
9  reason.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would disagree petitioner's claims are barred by the statute of limitations and unexhausted. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## OBJECTIONS AND APPEAL

REPORT AND RECOMMENDATION - 5

1  This Report and Recommendation is not an appealable order.  Therefore, a notice of
2  appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the
3  assigned District Judge enters a judgment in the case.
4  Objections, however, may be filed and served upon all parties no later than **June 16,**
5  **2022.**  The Clerk shall note the matter for **June 17, 2022**, as ready for the District Judge's
6  consideration. The failure to timely object may affect the right to appeal.
7  DATED this 31st day of May, 2022.

　　　　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　BRIAN A. TSUCHIDA
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

REPORT AND RECOMMENDATION - 6